

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MARTIN PAUL LONG,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 13-70-BU-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Martin Paul Long's application for writ of habeas corpus under 28 U.S.C. § 2254. Long is a state prisoner proceeding pro se.

### I. Background

Long challenges a judgment entered in 2007 in Montana's Second Judicial District Court (Butte-Silver Bow County). Pet. (Doc. 1) at 2 ¶ 2. He was convicted by a jury of felony theft and pled guilty to one felony and one misdemeanor count of criminal possession of dangerous drugs and one misdemeanor count of criminal possession of drug paraphernalia. On March 14, 2008, he was sentenced to serve five years in prison on each felony charge, consecutive, and six months on each

1

misdemeanor count, concurrent to each other and to the felony charges. Judgment (Doc. 8-3) at 2-3.

Long appealed, but the appeal was dismissed on the parties' stipulation to a remand to set the amount of restitution required. *See* Order at 1, *State v. Long*, No. DA 08-0200 (Mont. July 9, 2008). On remand, the parties agreed Long was responsible for $796.00 in restitution. An amended judgment was filed on November 24, 2009.

Long filed his federal petition on September 25, 2013. On January 27, 2014, the Court ordered Respondents ("the State") to file certain documents from the state court's record. Although Long's petition suggests he was convicted and sentenced in two separate cases, *see* Pet. at 1, 6 ¶ 14A, the State's response shows that he was charged only in Butte-Silver Bow County Cause No. DC 07-55. Long was given an opportunity to respond to the documents submitted by the State. *See* Order (Doc. 9) at 1-2. He responded on March 12, 2014.

## II. Long's Claims and Analysis

Long alleges that he was convicted of felony theft when he should have been convicted of a misdemeanor, Pet. (Doc. 1) at 6 ¶ 14A; that he had a plea agreement with the State for a three-year sentence but was sentenced to five, *id.* at 6-7 ¶14B; and that he should not be required to register as a violent or sexual offender, *id.* at 7 ¶ 14C.

2

### A. Felony vs. Misdemeanor Theft

Long was convicted of felony theft because he stole cash and checks from the safe at a Denny's Restaurant while he was working there. Long's belief that he should have been convicted of misdemeanor rather than felony theft is based on the amount of restitution awarded, which was only $796.00, rather than the $1,000.00 required to constitute a felony under Mont. Code Ann. § 45-6-301(8)(b) (2005). *See also* Supp. (Doc. 4).

But Long was not required to pay restitution for the entire amount he stole. Cash and checks made out to Denny's were recovered from him the day after the theft; they were concealed in his left sock. The checks and cash were simply returned to Denny's. The $796.00 in restitution that Long was required to pay represented the difference between the total amount of cash in the safe before the theft and the amount of cash found on Long and returned to Denny's. *See* Mot. to Remand at 1 (Doc. 8-4 at 1), *State v. Long*, No. DA 08-0200 (Mont. filed June 26, 2008); *see also* Aff. in Supp. of Information (Doc. 8-1) at 2. In fact, Long's own figures show that he was convicted of felony theft. He states the restitution was $796.00 and $550.00 was "confiscated," a total of $1,346.00.

The amount of restitution Long was required to pay does not give rise to an inference that he should have been convicted of misdemeanor rather than felony theft. This claim should be denied.

3

**B. Five-Year Sentence**

If the state trial judge was required to impose the three-year sentence that Long and the State agreed to recommend for the drug felony, then Long's second claim might have merit. But Long states he does not believe the trial judge was bound by the plea agreement. Resp. (Doc. 10) at 1. That being so, Long has no grounds to complain that he had a plea agreement with the State for a three-year sentence but was sentenced to five years. Long's further comment – "if there isn't any signed paperwork involved then I'd like to know what's up," *id.* – does not allege facts sufficient to support an inference that Long's constitutional rights were violated. This claim should be denied.

**C. Registration**

Finally, Long asserts that he does not believe he should have to register as a sexual or violent offender because he was not "convicted for sexual assault or violence currently." Pet. at 7 ¶ 14D. Whether Long must register when he is released from prison is governed by Mont. Code Ann. § 46-23-501 *et seq.*, not by the terms of the criminal judgment Long challenges in this action under 28 U.S.C. § 2254, *see* Amended Judgment (Doc. 8-7) at 1-6. This claim, therefore, does not show any constitutional error in Long's current convictions or sentences. It should be denied.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, none of Long's allegations support an inference that he was deprived of a constitutional right. He was convicted at trial of felony theft because he stole cash and checks worth over $1,800, even though he was required to pay only $796.00 in restitution. Long states he does not believe the plea agreement was binding on the state trial judge, he fails to identify any illegality in the judge's imposition of a five-year sentence. Long's assertion that he is not or should not be required to register as a sexual or violent offender does not indicate any illegality in the criminal judgment that is the basis for this action under 28 U.S.C. § 2254. Reasonable jurists would find no basis to encourage further proceedings. A COA should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Long may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Long must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 21st day of July, 2014.

_Jeremiah C. Lynch_
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.